1

2

3

4

5

6

7

8

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

STEVEN VANCE and TIM JANECYK, for
themselves and others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC.,

Defendant.

No. 2:20-cv-01084

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
CLASS ACTION COMPLAINT**

**JURY DEMAND**

16

17

18

19

20

21

22

        Defendant Amazon.com, Inc. ("Amazon") files this answer to Plaintiffs Steven Vance and

Tim Janecyk's Class Action Complaint (the "Complaint"). To the extent that any allegation in the

Complaint is not specifically admitted, the allegation is denied. Amazon denies all allegations

contained in headings and unnumbered paragraphs, and Amazon denies all allegations except for

those expressly admitted below. Amazon answers the corresponding numbered paragraphs of the

Complaint as follows:

## INTRODUCTION

23

24

25

26

27

        1.      Facial recognition technology - once a thing only seen in movies - now threatens to

end individual privacy. Public and private entities increasingly deploy facial recognition products

to determine a [sic] private citizens' identities, as well as other personal information, such as their

addresses, phone numbers, whereabouts and acquaintances.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:**  Amazon denies the allegations in the first sentence.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies the same.

2.     Unlike the way facial recognition technology is depicted in the movies, the actual technology is plagued by a major problem - it is inaccurate, especially when it comes to correctly identifying women and people of color.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3.     In recent years, an "arms race" has developed amongst for-profit companies seeking to become market leaders in the facial recognition arena. Critical to winning this battle has been to [sic] the ability to claim a low identification error rate - i.e., the for-profit companies want to herald the accuracy of their products, including accuracy in identifying woman and people of color.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4.     In its effort to improve its facial recognition technology, Defendant Amazon violated Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), by, among other things, unlawfully collecting, obtaining, storing, using, possessing and profiting from the biometric identifiers and information of Plaintiffs Vance and Janecyk and all other similarly situated Illinois residents and citizens (hereinafter, the "Class Members").

**ANSWER:**  Amazon denies the allegations in Paragraph 4.

5.     Plaintiffs bring this Class Action Complaint seeking: (a) statutory damages of $5,000 per BIPA violation, or, alternatively, if Defendant Amazon acted negligently, $1,000 per

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

BIPA violation, along with attorneys' fees and costs; (b) disgorgement of Defendant's ill-gotten gains derived from the use of the unlawfully-acquired data; and (c) an injunction (i) barring Defendant from any further use of Illinois citizens' and residents' biometric identifiers and information; (ii) barring Defendant from continuing to collect, obtain, store, use, possess and profit from Plaintiffs' and Class Members' biometric identifiers and information; and (iii) requiring Defendant to delete and destroy Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER:**  Amazon admits that Paragraph 5 contains a characterization of Plaintiffs' case and that Plaintiffs seek damages and other remedies for purported BIPA violations, but denies that Amazon engaged in any wrongdoing, denies that it violated BIPA, and denies that Plaintiffs are entitled to any relief.  Amazon denies the remaining allegations in Paragraph 5.

## PARTIES

6.     At relevant times, Plaintiff STEVEN VANCE was - and remains - an Illinois resident who lived in the Northern District of Illinois. Defendant Amazon collected, obtained, stored, used, possessed and profited from Plaintiff Vance's biometric identifiers and information - namely, facial geometric scans of Plaintiff Vance.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the residency of Plaintiff Vance.  Amazon denies the remaining allegations in Paragraph 6.

7.     At relevant times, Plaintiff TIM JANECYK was - and remains - an Illinois resident who lived in the Northern District of Illinois. Defendant Amazon collected, obtained, stored, used, possessed and profited from Plaintiff Janecyk's biometric identifiers and information - namely, facial geometric scans of Plaintiff Janecyk.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 3

1    **ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the

2    truth of the allegations regarding the residency of Plaintiff Janecyk.  Amazon denies the remaining

3    allegations in Paragraph 7.

4
     8.      Defendant Amazon is a Delaware corporation headquartered in Seattle,

5    Washington.

6
     **ANSWER:**  Amazon admits that Amazon is a Delaware corporation with its principal

7    place of business in Seattle, Washington.

8

9
                                **JURISDICTION AND VENUE**

10
     9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action

11
     Fairness Act") because sufficient diversity of citizenship exists between the parties in this action,

12
     the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and

13
     there are 100 or more members of the Class. Because it is estimated that the Class will have

14
     thousands of members and Defendant Amazon's intentional and reckless violations of BIPA are

15
     punishable by statutory damages of $5,000 per violation, the amount in controversy is well in

16
     excess of $5,000,000. This Court has supplemental jurisdiction over the state law claim pursuant

17
     to 28 U.S.C. § 1367.

18
     **ANSWER:**  Amazon admits that, based on the allegations in Paragraph 9, the Court has

19
     jurisdiction under the Class Action Fairness Act and principles of supplemental jurisdiction, but

20
     lacks knowledge and information sufficient to form a belief as to the truth of the allegations

21
     concerning the number of members of the alleged Class and therefore denies the remaining

22
     allegations of Paragraph 9.

23

24
     10.      This Court has personal jurisdiction over Defendant Amazon because Amazon is

25
     at home in the Western District of Washington. As alleged above, Amazon is headquartered in

26
     Seattle, Washington.

27

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 4

1   **ANSWER:**  Amazon admits that this Court may assert personal jurisdiction over Amazon

2   in this case and that Amazon has its principal place of business in Seattle, Washington.  Amazon

3   denies the remaining allegations in Paragraph 10.

4

5   11.   Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant Amazon resides

6   in the Western District of Washington.

7   **ANSWER:**  Amazon admits that venue is proper in the Western District of Washington in

8   this case and that Amazon has its principal place of business in Seattle, Washington.  Amazon

9   denies the remaining allegations in Paragraph 11.

10                          **FACTUAL ALLEGATIONS**

11  *Biometric Identifiers*

12   12.   Every individual has unique features by which he or she can be identified using a

13   set of standard quantitative measurements, commonly referred to as "biometric identifiers."

14   **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

15   truth of the allegations in Paragraph 12 and therefore denies the same.

16

17   13.   For example, the shape of and distance between tiny ridges on each person's finger

18   are unique, so measures of those features can be used to identify a specific individual as the person

19   who made a fingerprint.

20   **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

21   truth of the allegations in Paragraph 13 and therefore denies the same.

22

23   14.   Each person also has a unique facial geometry composed of, among other measures,

24   distances between key facial landmarks and ratios between those distances.

25   **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

26   truth of the allegations in Paragraph 14 and therefore denies the same.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

15.     Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet, in a scanned picture or footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     Unlike fingerprints, however, facial biometrics are readily observable and, thus, present a grave and immediate danger to privacy, individual autonomy and liberty.

**ANSWER:**  Amazon denies the allegations in Paragraph 16.

### The Illinois Biometric Information Privacy Act

17.     Through BIPA, Illinois strictly regulates the collection, obtainment, storage and use of biometric identifiers.

**ANSWER:**  Amazon denies the allegations in Paragraph 17.

18.     Under BIPA, biometric identifiers include a scan of an individual's face geometry. 740 ILCS § 14/10.

**ANSWER:**  Amazon admits that BIPA defines "[b]iometric identifier" to mean, *inter alia*, "a . . . scan of . . . face geometry."  740 ILCS 14/10.  Amazon denies the remaining allegations in Paragraph 18.

19.     Under BIPA, biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS § 14/10.

**ANSWER:**  Amazon admits that Plaintiffs summarize a select portion of 740 ILCS 14/10. Amazon denies the remaining allegations in Paragraph 19.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

20.     According to the Illinois General Assembly: "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric- facilitated transactions." 740 ILCS § 14/5(c).

**ANSWER:**  Amazon admits that Plaintiffs summarize a select portion of 740 ILCS 14/5, but denies that, taken alone, the quoted language accurately reflects the totality of the statute. Amazon denies the remaining allegations in Paragraph 20.

21.     Pursuant to BIPA, a private entity is, among other things: (a) prohibited from collecting or otherwise obtaining an individual's biometric identifiers and information without providing written notice and obtaining a written release; (b) prohibited from profiting from an individual's biometric identifiers and information; and (c) required, to the extent it is in possession of biometric identifiers or information, to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying such identifiers and information. 740 ILCS § 14/15.

**ANSWER:**  Amazon admits that BIPA regulates certain conduct by private entities related to biometric identifiers and information.  Amazon denies that Plaintiffs have accurately or adequately described BIPA and denies the allegations in Paragraph 21 to the extent they mischaracterize, misrepresent, or take out of context the provisions of BIPA.  Except as expressly admitted, Amazon otherwise denies the allegations in Paragraph 21.

22.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

intentional or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

**ANSWER:**  Amazon admits the first sentence of Paragraph 22.  Amazon admits the second sentence of Paragraph 22 except that the right of recovery is for reasonable attorneys' fees and costs.

*Facial Recognition Technology*

23.    Facial recognition is a form of computer artificial intelligence the goal of which is to "create systems that detect, recognize, verify and understand characteristics of human faces."

**ANSWER:**  Amazon admits that facial recognition is a form of computer artificial intelligence capable of creating systems that may detect, recognize, and/or verify characteristics of human faces.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24.    To do this well, the algorithms driving facial recognition technology must be trained with and fed vast quantities of images of a diverse array of faces. To satisfy the ever-growing demand for myriad high-resolution images of faces, unchecked companies have begun turning to the internet, where photographs are sometimes taken without the photographer's or subject's knowledge or consent. This has been called the dirty little secret of AI training sets. Researchers often just grab whatever images they can find "in the wild."

**ANSWER:**  Amazon admits that algorithms used in connection with facial recognition technology can be trained and improved using images of faces.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same.  Answering further, Amazon denies that photographs of Plaintiffs were "taken without [Plaintiffs'] knowledge or consent."

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

25.     Facial recognition products rely on machine learning algorithms that are trained with labeled data.  As a result, algorithms trained with biased data can result in algorithmic discrimination, which, in turn, can lead to facial recognition products that are less effective at identifying certain types of faces.

**ANSWER:**  Amazon admits that facial recognition technology can involve machine learning algorithms trained with labeled data.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26.     For example, an algorithm trained on a dataset that underrepresents a group or subgroup - e.g., woman or people of color - will have a higher rate of error with respect to identifying members of those groups or subgroups.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27.     Historically, available datasets on which facial recognition algorithms were trained contained a disproportionate number of light-skinned males.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

*Flickr*

28.     At relevant times, Flickr was a photo-sharing website that had access to over 100 million photographs posted by Flickr users.

**ANSWER:**  Amazon admits that Flickr was and is a photo-sharing website.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies the same.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

29.     In or about 2014, Flickr - through its parent company Yahoo! - compiled approximately 100 million Flickr photographs into a single dataset (the "Flickr Dataset") and made the dataset publicly available.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30.     Flickr did so without informing or receiving the consent of the individuals who uploaded these photographs to Flickr or who appeared in these photographs.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31.     Flickr contended that its purpose in releasing the Flickr Dataset was to help improve the accuracy and reliability of facial recognition technology.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32.     The Flickr Dataset contained images of Illinois citizens and residents, including images of Plaintiffs and Class Members.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

### The Gender Shades Study

33.     In or about February 2018, researchers released *Gender Shades: Inter sectional Accuracy Disparities in Commercial Gender Classification* ("*Gender Shades*") in which they noted that prior studies had shown that "machine learning algorithms can discriminate based on classes like race and gender."

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:**  Amazon admits that Plaintiffs accurately quote a 2018 article entitled "*Gender Shades*."  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies the same.

34.    Building on that prior research, the researchers analyzed three commercial facial recognition products focusing on each product's ability to accurately identify gender.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35.    The study determined that each product more accurately classified: (a) males than females; and (b) lighter individuals than darker individuals.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36.    Significantly, the error rate with respect to accurately classifying darker females was 20.8% for Defendant Amazon, specifically, and as high as approximately 34.7%.

**ANSWER:**  Amazon denies the allegations in Paragraph 36.

37.    The researchers concluded that the "most improvement is needed on darker females specifically. More broadly, the error gaps between male and female classification along with lighter and darker classification should be closed."

**ANSWER:**  Amazon admits that Plaintiffs accurately quote the cited article.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the same.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

38.     In a follow-up to *Gender Shades*, the researchers examined the accuracy of Defendant Amazon's Rekognition facial recognition technology, as compared to the technologies examined in the original study and as modified after the study.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.  Answering further, Amazon states that the cited article does not purport to evaluate Amazon's "Rekognition facial recognition technology."

39.     The updated study found that Rekognition had an error rate of 31.37% with respect to identifying dark-skinned females, as opposed to an error rate of 0.00% with respect to identifying light-skinned males.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

### *Response to Gender Shades*

40.     In the aftermath of *Gender Shades*, companies felt pressured to improve the accuracy of, and reduce the bias in, their facial recognition products.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41.     In or about April 2019, International Business Machines Corporation ("IBM") noted that a "critical aspect limiting face recognition performance in practice is facial diversity," begging the question "does the training data for [face recognition] systems fairly represent the distribution of faces we see in the world?"

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

42.     To respond to the issue, IBM created Diversity in Faces - a new dataset consisting of one million images culled from the Flickr Dataset - for the purpose of improving the ability of facial recognition systems to fairly and accurately identify all individuals (the "Diversity in Faces Dataset").

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies the same.

43.     In creating the Diversity in Faces Dataset, IBM scanned the facial geometry of each image contained in the dataset and created a "comprehensive set of annotations of intrinsic facial features that includes craniofacial distances, areas and ratios, facial symmetry and contrast, skin color, age and gender predictions, subjective annotations, and pose and resolution."

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies the same.  Answering further, Amazon denies that the cited article purports to claim that "IBM scanned the facial geometry of each image contained in the dataset."

44.     To build the Diversity in Faces Database, IBM extracted 19 facial landmark points from each image in the dataset to determine 68 key points for each face.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45.     IBM used the 19 facial landmark points to extract craniofacial features for each image, as shown in the figure below:

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax



**ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies the same.

46.     The Diversity in Faces Dataset contained the biometric identifiers and information of Plaintiffs and Class Members.

**ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

47.     IBM did not seek nor receive permission from Plaintiffs or Class Members to include their images in the Diversity in Faces Dataset, let alone to perform scans of their facial geometries or to otherwise collect, obtain, store, use, possess or profit from their biometric identifiers and information.

**ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

48.     In or about April 2019, IBM published a journal article describing the Diversity in Faces Dataset in great detail and making clear that the dataset contained the biometric identifiers and information of each individual who appeared in the dataset.

**ANSWER:**  Amazon admits that IBM published a journal article in April 2019 regarding the Diversity in Faces Dataset.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies the same. Answering further, Amazon denies that the April 2019 article published by IBM and cited elsewhere in Plaintiffs' Complaint "ma[de] clear that the dataset contained the biometric identifiers and information of each individual who appeared in the dataset."

49.     IBM made the Diversity in Faces Dataset available to other for-profit companies that developed, produced, marketed, sold or otherwise used facial recognition products and technologies in connection with their for-profit businesses.

**ANSWER:**  Amazon admits that IBM made the Diversity in Faces Dataset available to other entities.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the same.

50.     To obtain the Diversity in Faces Dataset from IBM, a company had to apply for permission from IBM via an online questionnaire.

**ANSWER:**  Amazon admits that a company could apply via an online questionnaire for permission to download the Diversity in Faces Dataset.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies the same.

51.     If IBM granted access to the Diversity in Faces Dataset, the company seeking access had to download the dataset from a link provided by IBM.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 15

1    **ANSWER:**  Amazon admits that if IBM granted access to the Diversity in Faces Dataset
2    a company could download the Diversity in Faces Dataset from a link provided by IBM.  Amazon
3    lacks knowledge and information sufficient to form a belief as to the truth of the remaining
4    allegations in Paragraph 51 and therefore denies the same.

5

6    52.    The information provided to companies that downloaded the Diversity in Faces
7    Dataset included the biometric identifiers and information extracted from each photograph in the
8    dataset and links to each photograph on Flickr from which IBM extracted the biometric data.

9    **ANSWER:**  Amazon denies the allegations in Paragraph 52.

10

11    53.    From the Flickr links IBM provided to companies that downloaded the Diversity in
12    Faces Dataset, the companies were able to identify the Flickr user who uploaded the photograph
13    to Flickr, view the Flickr user's homepage and other posted material, and view each photograph's
14    metadata, including any available geo-tags relating to where the photograph was taken or
15    uploaded.

16    **ANSWER:**  Amazon denies the allegations in Paragraph 53.

17

18    *Defendant Amazon Obtained the Diversity in Faces Dataset*

19    54.    At relevant times, Defendant Amazon developed, produced, marketed and
20    otherwise used facial recognition products and technologies in connection with its business.

21    **ANSWER:**  Amazon admits that it has used facial recognition technologies in connection
22    with its business.  Amazon denies the remaining allegations in Paragraph 54.

23

24    55.    Amazon's core facial recognition product is Amazon Rekognition, which (among
25    other features) allows users to match new images of faces with existing, known facial images
26    "based on their visual geometry, including the relationship between the eyes, nose, brow, mouth,
27    and other facial features."

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    **ANSWER**:  Amazon denies the allegations in Paragraph 55.

2

3    56.    On information and belief, Amazon Rekognition, is a fundamental cornerstone of

4    many of Amazon's largest consumer products and services around the world, including but not

5    limited to: (a) Amazon's photo platform - Amazon Photos; (b) Amazon's smart home systems and

6    cameras, including the Ring video doorbell; and (c) Alexa, Amazon's virtual assistant technology

7    that is integrated into mobile phone applications on Android and Apple operating systems. On

8    information and belief, Amazon has also profited from selling its facial recognition technology to

9    third parties.

10   **ANSWER**:  Amazon admits that it offers a product called Amazon Rekognition.

11   Amazon denies the remaining allegations in Paragraph 56.

12

13   57.    Amazon is the largest provider of facial recognition technology to law enforcement

14   agencies, and has marketed their Rekognition software to agencies such as ICE and the FBI, to

15   monitor individuals they consider "people of interest."  Amazon has also partnered with more than

16   1,300 law enforcement agencies, allowing them to use footage from their Ring home security

17   cameras in criminal investigations.   Amazon has expanded these efforts, marketing their facial

18   recognition software to government agencies despite warnings from consumers, employees,

19   members of Congress and shareholders.

20   **ANSWER**:  Amazon admits that prior to June 2020, some law enforcement agencies

21   used Amazon's Rekognition product.  Amazon denies the remaining allegations in Paragraph 57.

22

23   58.    In July 2018, the American Civil Liberties Union of Northern California ("ACLU")

24   published the results of a study of Rekognition's accuracy.

25   **ANSWER**:  Amazon lacks knowledge and information sufficient to form a belief as to the

26   truth of the allegations in Paragraph 58 and therefore denies the same.

27

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 17

59.     According to the ACLU's study, Rekognition incorrectly matched 28 members of the United States Congress as people who had been arrested for a crime.

**ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies the same.

60.     According to the study, the false matches disproportionately involved people of color.

**ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies the same.

61.     After IBM made the Diversity in Faces Dataset available, Defendant Amazon applied for and obtained the Diversity in Faces Dataset from IBM.

**ANSWER:** Amazon admits that it requested access to the Diversity in Faces Dataset from IBM.  Amazon denies the remaining allegations in Paragraph 61.

62.     Defendant Amazon obtained the Diversity in Faces Dataset in order to improve the fairness and accuracy of its facial recognition products and technologies.

**ANSWER:** Amazon denies the allegations in Paragraph 62.

63.     On information and belief, upon obtaining the Diversity in Faces Dataset from IBM, Defendant Amazon used the links provided by IBM to download, copy or otherwise obtain from Flickr each photograph in the dataset, including Plaintiffs' photographs, in order to associate the biometric identifiers and information provided by IBM with the actual photographs to which the biometric data related.

**ANSWER:** Amazon admits that it downloaded the Diversity in Faces Dataset via links provided by IBM.  Amazon denies the remaining allegations in Paragraph 63.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

64.     Defendant Amazon obtained the Diversity in Faces Dataset in order to improve the fairness and accuracy of its facial recognition products and technologies.

**ANSWER:**  Amazon denies the allegations in Paragraph 64.

65.     Defendant Amazon profited from the biometric identifiers and information contained in the Diversity in Faces Dataset because those biometric identifiers and information allowed Amazon to improve its facial recognition products and technologies, including, upon information and belief, by allowing Amazon to improve the effectiveness of its facial recognition technology on a diverse array of faces, thereby making those products and technologies more valuable in the commercial marketplace.

**ANSWER:** Amazon denies the allegations in Paragraph 65.

*Allegations Related to Plaintiffs*

*Plaintiff Vance*

66.     In or about 2008, Plaintiff Vance uploaded to Flickr from his computer in Illinois a photograph of himself and two family members (the "2008 Photo").

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67.     In addition to the 2008 Photo, Plaintiff Vance uploaded numerous other photographs to Flickr.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68.     At relevant times, Plaintiff Vance's publicly-accessible Flickr profile page clearly identified his Chicago, Illinois residence and provided a method for those accessing his page to

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  contact him directly via Flickr's internal "FlickrMail" direct message system, which Defendant

2  Amazon chose not to do.

3     **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

4  truth of the allegations in Paragraph 68 and therefore denies the same.

5

6     69.   The 2008 Photo, as well as numerous other photographs uploaded to Flickr by

7  Plaintiff Vance, are included in the Diversity in Faces Dataset obtained by Defendant Amazon.

8     **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

9  truth of the allegations in Paragraph 69 and therefore denies the same.

10

11    70.   Based on the links Defendant Amazon received from IBM, at relevant times, it

12 knew that each of Plaintiff Vance's photographs in the Diversity in Faces Dataset - including the

13 2008 Photo - originated from, and was affiliated with, his Flickr account.

14    **ANSWER:**  Amazon denies the allegations in Paragraph 70.

15

16    71.   Defendant Amazon never advised or informed Plaintiff Vance or his legal

17 authorized representative in writing: (a) that it collected, stored and used Plaintiff Vance's

18 biometric identifiers and information; or (b) of the specific purpose and length of term for which

19 Plaintiff Vance's biometric identifiers and information were being collected, stored and used.

20    **ANSWER:**  Amazon admits that it is not aware of Plaintiff Vance or his legally authorized

21 representative ever interacting with Amazon prior to this lawsuit.  Amazon lacks knowledge and

22 information as to whether Amazon ever possessed any of Plaintiff Vance's photographs.  Amazon

23 denies the remaining allegations in Paragraph 71.

24

25    72.   Defendant Amazon never received a written release executed by Plaintiff Vance or

26 his legally authorized representative to collect, capture, receive, obtain, store or use his biometric

27 identifiers and information.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 20

1     **ANSWER:** Amazon admits that it is not aware of Plaintiff Vance or his legally authorized

2 representative ever interacting with Amazon prior to this lawsuit.  Amazon lacks knowledge and

3 information as to whether Amazon ever possessed any of Plaintiff Vance's photographs.  Amazon

4 denies the remaining allegations in Paragraph 72.

5

6     73.    As alleged in more detail below, Defendant Amazon's conduct has injured Plaintiff

7 Vance and subjected him to additional imminent and certainly impending injuries.

8     **ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the

9 truth of the allegations in Paragraph 73 and therefore denies the same.

10

11     ***Allegations Related to Plaintiff Janecyk***

12     74.    Plaintiff Janecyk is an accomplished photographer, having focused his work in

13 portraiture and street life photography.

14     **ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the

15 truth of the allegations in Paragraph 74 and therefore denies the same.

16

17     75.    In 2008, Plaintiff Janecyk signed up for a Flickr account in the Village of Tinley

18 Park, Illinois, and has since then uploaded in excess of a thousand of his photographs to Flickr.

19 Among those photographs is a 2011 photograph depicting Plaintiff Janecyk's own face (the "2011

20 Photo"), which Plaintiff Janecyk uploaded to Flickr from his device in Illinois.

21     **ANSWER:** Amazon lacks knowledge and information sufficient to form a belief as to the

22 truth of the allegations in Paragraph 75 and therefore denies the same.

23

24     76.    At relevant times, Plaintiff Janecyk's publicly-accessible Flickr profile page clearly

25 identified his Illinois residence and provided a method for those accessing his page to contact him

26 directly via Flickr's internal "FlickrMail" direct message system, which Defendant Amazon chose

27 not to do.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 21

1  **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

2  truth of the allegations in Paragraph 76 and therefore denies the same.

3

4  77.    The 2011 Photo, as well as numerous other photographs uploaded to Flickr by

5  Plaintiff Janecyk, are included in the Diversity in Faces Dataset obtained by Defendant Amazon.

6  **ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the

7  truth of the allegations in Paragraph 77 and therefore denies the same.

8

9  78.    Based on the links Defendant Amazon received from IBM, at relevant times, it

10 knew that each of Plaintiff Janecyk's photographs in the Diversity in Faces Dataset - including the

11 2011 Photo - originated from, and was affiliated with, his Flickr account.

12 **ANSWER:**  Amazon denies the allegations in Paragraph 78.

13

14 79.    Defendant Amazon never advised or informed Plaintiff Janecyk or his legal

15 authorized representative in writing: (a) that it collected, stored and used Plaintiff Janecyk's

16 biometric identifiers and information; or (b) of the specific purpose and length of term for which

17 Plaintiff Janecyk's biometric identifiers and information were being collected, stored and used.

18 **ANSWER:**   Amazon admits that it is not aware of Plaintiff Janecyk or his legally

19 authorized representative ever interacting with Amazon prior to this lawsuit.   Amazon lacks

20 knowledge and information as to whether Amazon ever possessed any of Plaintiff Janecyk's

21 photographs.  Amazon denies the remaining allegations in Paragraph 79.

22

23 80.    Defendant Amazon never received a written release executed by Plaintiff Janecyk

24 or his legally authorized representative to collect, capture, receive, obtain, store or use his

25 biometric identifiers and information.

26 **ANSWER:**   Amazon admits that it is not aware of Plaintiff Janecyk or his legally

27 authorized representative ever interacting with Amazon prior to this lawsuit.   Amazon lacks

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

knowledge and information as to whether Amazon ever possessed any of Plaintiff Janecyk's photographs.  Amazon denies the remaining allegations in Paragraph 80.

81.     As alleged in more detail below, Defendant Amazon's conduct has injured Plaintiff Janecyk and subjected him to additional imminent and certainly impending injuries.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

### *Plaintiffs' and Class Members' Injuries and Damages*

82.     As a result of Defendant Amazon's unlawful conduct, Plaintiffs and Class Members have already sustained injuries and face many more imminent and certainly impending injuries, which injuries they will continue to suffer.

**ANSWER:**  Amazon denies the allegations in Paragraph 82 and denies that this case can be maintained as a class action.

83.     Defendant Amazon chose to use and profit from biometric identifiers and information scanned from photographs that were uploaded from Illinois; managed via Illinois-based user accounts, computers and mobile devices; and/or created in Illinois. In so doing, Amazon exposed Illinois residents and citizens to ongoing privacy risks within Illinois, knowing that its conduct would injure those residents and citizens within Illinois. Further, Amazon knew or had reason to know that obtaining Illinois residents' and citizens' biometric identifiers and information in violation of BIPA would deprive those residents and citizens of their statutorily-protected privacy rights, neutralize Illinois residents' and citizens' abilities to control access to their biometric identifiers and information via their Illinois-managed devices, expose Illinois residents and citizens to potential surveillance and other privacy harms as they went about their lives within the state, and deter Plaintiffs and Class Members from publicly posting photographs. As such,

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  Illinois had and has a direct interest in regulating the unlawful conduct alleged herein in order to
2  protect the rights and interests of its residents and citizens.

3  **ANSWER:**  Amazon denies the allegations in Paragraph 83 and denies that this case can
4  be maintained as a class action.

5

6  84.      As the Illinois General Assembly has found and the Illinois Supreme Court has
7  confirmed, the harm to Plaintiffs and Class Members as a result of Defendant Amazon's unlawful
8  conduct has already occurred.

9  **ANSWER:**  Amazon denies the allegations in Paragraph 84 and denies that this case can
10  be maintained as a class action.

11

12  85.      Further, as businesses worldwide compete to develop ever more advanced facial
13  recognition technology, the race for data imperils the privacy of individuals everywhere, including
14  the privacy of Plaintiffs and Class Members. Public policy in Illinois provides that given the risks
15  of unwanted data collection and disclosure, its citizens need the power to make decisions about
16  the fate of their unique biometric identifiers and information. Defendant Amazon's actions robbed
17  Plaintiffs and Class Members of that power.

18  **ANSWER:**  Amazon denies the allegations in Paragraph 85 and denies that this case can
19  be maintained as a class action.

20

21  86.      Moreover, as a result of Defendant Amazon's unlawful conduct, Plaintiffs' and
22  Class Members' biometric identifiers and information are no longer under their control and are
23  available to a potentially unlimited range of unknown individuals for whatever uses they please.
24  These injuries, which are imminent and clearly impending, are in addition to the injuries Plaintiffs
25  and Class Members have already sustained as a result of Defendant's actions.

26  **ANSWER:**  Amazon denies the allegations in Paragraph 86 and denies that this case can
27  be maintained as a class action.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2      87.     As a result of Defendant Amazon's misconduct, Plaintiffs and Class Members have

3   no recourse for the fact that their biologically unique information has been compromised.

4      **ANSWER:**  Amazon denies the allegations in Paragraph 87 and denies that this case can

5   be maintained as a class action.

6

7      88.     Moreover, as a result of Defendant Amazon's misconduct, Plaintiffs and Class

8   Members are likely to withdraw from biometric-facilitated transactions and other facially-

9   mediated electronic participation.

10     **ANSWER:**  Amazon denies that it engaged in any alleged "misconduct."  Amazon lacks

11  knowledge and information sufficient to form a belief as to the truth of the remaining allegations

12  in Paragraph 88 and therefore denies the same.

13

14                          **CLASS ACTION ALLEGATIONS**

15     89.     Plaintiffs bring this action on behalf of themselves and as a class action under

16  Federal Rule of Civil Procedure 23, seeking damages and equitable relief on behalf of the

17  following Class for which Plaintiffs seek certification: All Illinois residents whose faces appear in

18  the Diversity in Faces Dataset obtained by Defendant Amazon.

19     **ANSWER:**  Amazon admits that Paragraph 89 contains a characterization of Plaintiffs'

20  case, but denies that Amazon engaged in any wrongdoing, denies that it violated BIPA, denies that

21  Plaintiffs are entitled to any relief, denies that this case can be maintained as a class action, and

22  denies that Plaintiffs can represent the class of people they attempt to define.

23

24     90.     Excluded from the Class are: (a) Defendant Amazon; (b) any parent, affiliate or

25  subsidiary of Defendant Amazon; (c) any entity in which Defendant Amazon has a controlling

26  interest; (d) any of Defendant Amazon's officers or directors; or (e) any successor or assign of

27

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendant Amazon. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

**ANSWER:**  Amazon admits that Plaintiffs seek to exclude the individuals identified in Paragraph 90 from the putative class Plaintiffs seek to represent.  Amazon denies the remaining allegations in Paragraph 90 and denies that this case can be maintained as a class action.

91.     Plaintiffs reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

**ANSWER:**  Amazon admits that Plaintiffs seek to reserve the right to amend or modify the class definitions after having had an opportunity to conduct discovery.  Amazon denies the remaining allegations in Paragraph 91 and denies that this case can be maintained as a class action.

92.     **Numerosity**. While the exact number of Class Members is not known at this time, Defendant Amazon obtained the biometric identifiers and information from approximately one million images of faces, and Plaintiffs estimate the total number of Class Members to be in the thousands. Consistent with Rule 23(a)(1), the proposed Class is therefore so numerous that joinder of all members is impracticable. Class Members may be identified through objective means, including objective data available to Defendant Amazon regarding the images in the Diversity in Faces Dataset. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice.

**ANSWER:**  Amazon denies the allegations in Paragraph 92 and denies that this case can be maintained as a class action.

93.     **Commonality and predominance**. Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

  a.   Whether Defendant Amazon obtained the biometric identifiers and information of Plaintiffs and Class Members;

  b.   Whether Defendant Amazon collected the biometric identifiers and information of Plaintiffs and Class Members;

  c.   Whether Defendant Amazon stored the biometric identifiers and information of Plaintiffs and Class Members;

  d.   Whether Defendant Amazon used the biometric identifiers and information of Plaintiffs and Class Members;

  e.   Whether Defendant Amazon possessed the biometric identifiers and information of Plaintiffs and Class Members;

  f.   Whether Defendant Amazon profited from the biometric identifiers and information of Plaintiffs and Class Members;

  g.   Whether Defendant Amazon provided the notice required by BIPA before obtaining the biometric identifiers and information of Plaintiffs and Class Members;

  h.   Whether Defendant Amazon obtained written releases from Plaintiffs and Class Members or their legally authorized representatives before collecting, obtaining, storing and using the biometric identifiers and information of Plaintiffs and Class Members;

  i.   Whether Defendant Amazon had in place - and disclosed to the public - the written retention and destruction policies required by BIPA while in possession of Plaintiffs' and Class Members' biometric identifiers and information;

  j.   Whether Plaintiffs and Class Members suffered damages as a proximate result of Defendant Amazon's unlawful conduct; and

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

k.      Whether Plaintiffs and Class Members are entitled to damages, equitable relief and other relief.

**ANSWER:**  Amazon denies the allegations in Paragraph 93 and denies that this case can be maintained as a class action.

94.      **Typicality**. Plaintiffs' claims are typical of the claims of the Class they seek to represent because Plaintiffs and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Class.

**ANSWER:**  Amazon denies the allegations in Paragraph 94 and denies that this case can be maintained as a class action.  Amazon further denies that Plaintiffs can represent the class of people they attempt to define.  Amazon lacks knowledge or information sufficient to form a belief as to Plaintiffs' interests and those of the proposed class and therefore denies the same.

95.      **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the proposed Class and have retained as their counsel attorneys experienced in class actions and complex litigation.

**ANSWER:**  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies the same.

96.      **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class Member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual actions against Defendant Amazon economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system. A class action, however, presents far fewer management

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

difficulties and provides the benefit of a single adjudication, economy of scale and comprehensive supervision by a single court.

**ANSWER:**  Amazon denies the allegations in Paragraph 96.

97.     In the alternative, the proposed Class may be certified because:

a.     The prosecution of separate actions by each individual member of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendant Amazon;

b.     The prosecution of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

c.     Defendant Amazon acted or refused to act on grounds generally applicable to the proposed Class, thereby making final and injunctive relief appropriate with respect to members of the proposed Class.

**ANSWER:**  Amazon denies the allegations in Paragraph 97.

98.     Pursuant to Rule 23(c)(4), particular issues are appropriate for certification - namely the issues described in paragraph 93, above - because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

**ANSWER:**  Amazon denies the allegations in Paragraph 98.

## CLAIMS FOR RELIEF

### COUNT ONE
**(VIOLATION OF BIPA – 740 ILCS § 14/15(b))**

99.     Plaintiffs restate and reallege all paragraphs of this Class Action Complaint as though fully set forth herein.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 29

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   **ANSWER**:  Amazon incorporates its answers to the foregoing allegations as if fully set

2   forth herein.

3   100.   As alleged above, Defendant Amazon violated BIPA by collecting and obtaining

4   individuals' biometric identifiers and information, including the biometric identifiers and

5   information of Plaintiffs and Class Members, without providing the requisite written information

6   and without obtaining the requisite written releases.

7   **ANSWER**:  Amazon denies the allegations in Paragraph 100.

8

9   101.   Defendant Amazon's violations of BIPA were intentional and reckless or, pleaded

10  in the alternative, negligent.

11  **ANSWER**:  Amazon denies the allegations in Paragraph 101.

12

13  102.   As a direct and proximate result of Defendant Amazon's violations of BIPA,

14  Plaintiffs and Class Members have suffered and will continue to suffer injury.

15  **ANSWER**:  Amazon denies the allegations in Paragraph 102.

16

17  103.   Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual

18  damages or, pleaded in the alternative, $1,000 or actual damages.

19  **ANSWER**:  Amazon admits that Paragraph 103 contains a characterization of Plaintiffs'

20  case and that Plaintiffs seek damages for purported BIPA violations, but denies that Amazon

21  engaged in any wrongdoing, denies that it violated BIPA, and denies that Plaintiffs are entitled to

22  any relief.

23

24  104.   Unless and until enjoined and restrained by order of this Court, Defendant

25  Amazon's wrongful conduct will continue to cause great and irreparable injury to Plaintiffs and

26  Class Members in that their biometric identifiers and information can be viewed and used by

27  unauthorized persons. Plaintiffs and Class Members have no adequate remedy at law for their

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 30

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER:**  Amazon denies the allegations in Paragraph 104 and further denies that Plaintiffs are entitled to any order or award.

105.    Plaintiffs and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**  Amazon admits that Paragraph 105 contains a characterization of Plaintiffs' case and that Plaintiffs seek damages and other relief for purported BIPA violations, but denies that Amazon engaged in any wrongdoing, denies that it violated BIPA, and denies that Plaintiffs are entitled to any relief.

**COUNT TWO**
**(VIOLATION OF BIPA – 740 ILCS § 14/15(c))**

106.    Plaintiffs restate and reallege all paragraphs of this Class Action Complaint, as though fully set forth herein.

**ANSWER:**  Amazon incorporates its answers to the foregoing allegations as if fully set forth herein.

107.    As alleged above, Defendant Amazon violated BIPA by unlawfully profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs and Class Members.

**ANSWER:**  Amazon denies the allegations in Paragraph 107.

108.    Defendant Amazon's violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**  Amazon denies the allegations in Paragraph 108.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2      109.    As a direct and proximate result of Defendant Amazon's violations of BIPA,

3   Plaintiffs and Class Members have suffered and will continue to suffer injury.

4      **ANSWER:**  Amazon denies the allegations in Paragraph 109.

5

6      110.    Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual

7   damages or, pleaded in the alternative, $1,000 or actual damages.

8      **ANSWER:**  Amazon admits that Paragraph 110 contains a characterization of Plaintiffs'

9   case and that Plaintiffs seek damages for purported BIPA violations, but denies that Amazon

10   engaged in any wrongdoing, denies that it violated BIPA, and denies that Plaintiffs are entitled to

11   any relief.

12

13      111.    Unless and until enjoined and restrained by order of this Court, Defendant

14   Amazon's wrongful conduct will continue to cause great and irreparable injury to Plaintiffs and

15   Class Members in that their biometric identifiers and information can be viewed and used by

16   unauthorized persons. Plaintiffs and Class Members have no adequate remedy at law for their

17   injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Class

18   Members' biometric identifiers and information.

19      **ANSWER:**  Amazon denies the allegations in Paragraph 111 and further denies that

20   Plaintiffs are entitled to any order or award.

21

22      112.    Plaintiffs and Class Members also seek punitive damages, injunctive relief and the

23   reasonable attorney's fees, costs and expenses relating to this action.

24      **ANSWER:**  Amazon admits that Paragraph 112 contains a characterization of Plaintiffs'

25   case and that Plaintiffs seek damages and other relief for purported BIPA violations, but denies

26   that Amazon engaged in any wrongdoing, denies that it violated BIPA, and denies that Plaintiffs

27   are entitled to any relief.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## COUNT THREE
## (UNJUST ENRICHMENT)

113.    Plaintiffs restate and reallege all paragraphs of this Class Action Complaint as though fully set forth herein.

**ANSWER:**  Amazon incorporates its answers to the foregoing allegations as if fully set forth herein.

114.    Defendant Amazon obtained a monetary benefit from Plaintiffs and Class Members to their detriment. Defendant did so by profiting off of Plaintiffs' and Class Members' biometric identifiers and information, while exposing Plaintiffs and Class Members to a heightened risk of privacy and informational harms and depriving them of their control over their biometric data.

**ANSWER:**  Amazon denies the allegations in Paragraph 114.

115.    Plaintiffs and Class Members did not authorize Defendant Amazon to collect, obtain, store, use, possess and profit off of their biometric identifiers and information.

**ANSWER:**  Amazon denies the allegations in Paragraph 115.

116.    Defendant Amazon appreciated, accepted and retained the benefit bestowed upon it under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiffs and Class Members as described herein.

**ANSWER:**  Amazon denies the allegations in Paragraph 116

117.    Defendant Amazon profited from Plaintiffs' and Class Members' biometric identifiers and information and did not provide full compensation for the benefit received from Plaintiffs and Class Members.

**ANSWER:**  Amazon denies the allegations in Paragraph 117.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 33

118.    Defendant Amazon obtained Plaintiffs' and Class Members' biometric identifiers and information through inequitable means in that it obtained biometric data from Plaintiffs' and Class Members' online photographs without permission and in violation of Illinois law.

**ANSWER:**  Amazon denies the allegations in Paragraph 118.

119.    Plaintiffs and Class Members have no adequate remedy at law.

**ANSWER:**  Amazon denies the allegations in Paragraph 119.

120.    Under the circumstances, it would be unjust and unfair for Defendant Amazon to be permitted to retain any of the benefits obtained from Plaintiffs and Class Members and their biometric identifiers and information.

**ANSWER:**  Amazon denies the allegations in Paragraph 120.

121.    Under the principles of equity and good conscience, Defendant Amazon should not be permitted to retain the biometric identifiers and information belonging to Plaintiffs and Class Members because Defendant unlawfully obtained the biometric identifiers and information.

**ANSWER:**  Amazon denies the allegations in Paragraph 121.

122.    Defendant Amazon should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class Members, proceeds that it unjustly received as a result of obtaining, collecting, storing, using, possessing and profiting off of Plaintiffs' and Class Members' biometric identifiers and information, including but not limited to the value of the intellectual property derived therefrom.

**ANSWER:**  Amazon denies the allegations in Paragraph 122 and further denies that Plaintiffs are entitled to disgorgement.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## COUNT FOUR
## (INJUNCTIVE RELIEF)

2    123.    Plaintiffs restate and reallege all paragraphs of this Class Action Complaint as

3    though fully set forth herein.

4    **ANSWER:**   Amazon makes no response to Paragraph 123 because Plaintiffs' claim for

5    injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

6

7    124.    Plaintiffs and Class Members have clear and ascertainable rights in need of

8    protection - namely: (a) the right to have Defendant Amazon abide by its obligations under BIP A;

9    (b) the right to control their biometric identifiers and information; and (c) the right to privacy.

10    **ANSWER:**   Amazon makes no response to Paragraph 124 because Plaintiffs' claim for

11    injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

12

13    125.    Plaintiffs and Class Members have no adequate remedy at law because a legal

14    remedy cannot retrieve the biometric identifiers and information that Defendant Amazon

15    unlawfully collected, obtained, stored, used, possessed and otherwise profited from, and cannot

16    end the invasion of privacy caused by Defendant's conduct.

17    **ANSWER:**   Amazon makes no response to Paragraph 125 because Plaintiffs' claim for

18    injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

19

20    126.    Plaintiffs and Class Members will suffer irreparable harm, as alleged herein, caused

21    by Defendant Amazon if its conduct is not so restrained, requiring injunctive relief.

22    **ANSWER:**   Amazon makes no response to Paragraph 126 because Plaintiffs' claim for

23    injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

24

25    127.    Plaintiffs and Class Members are likely to succeed on the merits because, as alleged

26    herein, Defendant Amazon unlawfully collected, obtained, stored, used, possessed and otherwise

27

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 35

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

profited from Plaintiffs' and Class Members' biometric identifiers and information despite being prohibited from doing so.

**ANSWER:**  Amazon makes no response to Paragraph 17 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

128.     Plaintiffs and Class Members seek injunctive relief: (a) barring Defendant Amazon from any further use of Plaintiffs' and Class Members' biometric identifiers and information; (b) barring Defendant Amazon from continuing to collect, obtain, store, use, possess or profit from Plaintiffs' and Class Members' biometric identifiers and information; and (c) requiring Defendant Amazon to delete and destroy Plaintiffs' and Class Members' biometric identifiers and information.

**ANSWER:**  Amazon makes no response to Paragraph 128 because Plaintiffs' claim for injunctive relief was dismissed pursuant to the Court's March 15, 2021 Order.

## AFFIRMATIVE DEFENSES

Below are Amazon's affirmative defenses.  By setting forth these affirmative defenses, Amazon does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiffs.  Amazon reserves the right to amend or supplement its affirmative defenses.

### FIRST DEFENSE
#### (STATUTE OF LIMITATIONS)

Plaintiffs' claims and the putative class members' claims are barred to the extent that they arose outside the applicable statutes of limitations.  Plaintiffs and the putative class cannot seek recovery for alleged violations that took place prior to the applicable statute of limitations.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**SECOND DEFENSE**
**(LACHES)**

Plaintiffs' claims and the putative class members' claims are barred by the doctrine of laches.

**THIRD DEFENSE**
**(LACK OF INJURY)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because they have not sustained any cognizable injury or damages.

**FOURTH DEFENSE**
**(NO NEGLIGENT, INTENTIONAL, OR RECKLESS CONDUCT)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by Amazon's good faith, and the absence of negligent, intentional, or reckless conduct.  To the extent BIPA applies to Amazon's conduct, Amazon is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

**FIFTH DEFENSE**
**(NO PUNITIVE OR EXEMPLARY DAMAGES)**

Amazon acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiffs and the putative class members.

**SIXTH DEFENSE**
**(CONSENT)**

To the extent Plaintiffs allege Amazon is liable because Plaintiffs' and/or putative class members' biometric identifiers or biometric information were collected without their consent, which Amazon denies, such claims are barred because Plaintiffs' and/or the putative class members voluntarily consented, either expressly or implicitly, to the collection of such information by publicly posting their photographs on Flickr, agreeing and consenting to Flickr's terms and conditions, and agreeing that their photographs would be subject to a Creative Commons license.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**SEVENTH DEFENSE**
**(NO REASONABLE EXPECTATION OF PRIVACY)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because Plaintiffs and other members of the putative class had no reasonable expectation of privacy in photographs (or any information derived from such photographs) that they voluntarily made public by uploading them to Flickr without utilizing available online privacy restrictions.

**EIGHTH DEFENSE**
**(FAILURE TO MITIGATE)**

Plaintiffs failed to mitigate their alleged damages.

**NINTH DEFENSE**
**(ESTOPPEL, WAIVER, LACHES, AND UNCLEAN HANDS)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.  Plaintiffs and the putative class members approved, participated in, and never objected to the conduct of which they now complain. Specifically, Plaintiffs and the putative class members publicly posted their photographs on Flickr, agreed and consented to Flickr's terms and conditions, and their photographs were governed by a Creative Commons license which they selected.  As a result, Plaintiffs and putative members are barred from now bringing their claims under the doctrines of estoppel, waiver, laches, and/or unclean hands.

**TENTH DEFENSE**
**(RATIFICATION; ACQUIESCENCE)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of ratification and acquiescence.  Plaintiffs and the putative class members approved and participated in the conduct of which they now complain, even after they knew or should have known of the conduct alleged in the Complaint.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

**ELEVENTH DEFENSE**
**(NO BIOMETRIC INFORMATION)**

3

4

Any information collected from Plaintiffs and the putative class members does not constitute "biometric information" or "biometric identifiers" under BIPA.

5

**TWELFTH DEFENSE**
**(DORMANT COMMERCE CLAUSE)**

6

7

8

9

10

11

12

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the dormant Commerce Clause of the United States Constitution.  If the conduct alleged in the Complaint qualifies as a violation of BIPA, BIPA would have the effect of allowing Illinois to regulate conduct occurring entirely or substantially outside of Illinois.  BIPA would subject Amazon to inconsistent regulations and would usurp the prerogative of other states to make their own policy choices.

13

**THIRTEENTH DEFENSE**
**(EXTRATERRITORIALITY)**

14

15

16

17

18

19

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because BIPA does not extend extraterritorially.  BIPA does not apply outside Illinois because the Illinois Legislature did not clearly state that it intended BIPA to apply outside Illinois.  The conduct alleged in the Complaint that purportedly violated BIPA took place entirely or predominantly outside of Illinois.  BIPA is therefore inapplicable and cannot regulate or punish the conduct alleged in the Complaint.

20

21

**FOURTEENTH DEFENSE**
**(ACTS OF THIRD PARTIES)**

22

23

All or part of the damages alleged in the Complaint, if any, were caused by the acts or omissions of other persons or entities for whose conduct Amazon is not legally responsible.

24

25

**FIFTEENTH DEFENSE**
**(ADEQUATE REMEDY AT LAW)**

26

27

Plaintiffs' claims for equitable relief fail because Plaintiffs have an adequate remedy at law.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 39

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### SIXTEENTH DEFENSE
### (UNJUST ENRICHMENT)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because any recovery from Amazon would result in Plaintiffs being unjustly enriched.

### SEVENTEENTH DEFENSE
### (UNCONSTITUTIONAL DAMAGES)

Plaintiffs seek improper damages in violation of the United States Constitution and other applicable law.  Any award of statutory or punitive damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution.

### EIGHTEENTH DEFENSE
### (UNCONSTITUTIONAL SPECIAL LEGISLATION)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because the requirements of BIPA constitute special legislation in violation of the Illinois Constitution.   Specifically, BIPA's exclusions for financial institutions and "contractor[s], subcontractor[s], or agent[s] of a State agency or local unit of government when working for that State agency or local unit of government," 740 ILCS 14/15(c), (e), renders BIPA unconstitutional special legislation under the Illinois Constitution.  *See, e.g.*, *County of Bureau v. Thompson*, 139 Ill. 2d 323, 337 (2003) (law constitutes special legislation when classifications created by statute are unreasonable because not rationally related to achievement of statute's legitimate goals).

### NINETEENTH DEFENSE
### (UNCONSTITUTIONAL ABRIDGEMENT OF FREE SPEECH)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, because they purport to require this Court to abridge Amazon's freedom of speech, in violation of the First Amendment to the United States Constitution.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## TWENTIETH DEFENSE
### (UNCONSTITUTIONALLY VAGUE)

The claims of Plaintiffs and the putative class are barred, in whole or in part, because BIPA, including but not limited to the statute's "government contractor" exemption and definitions of "biometric identifiers" and "biometric information," are vague in violation of the Illinois Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests this court:

1.    Enter judgment in Amazon's favor and against Mr. Vance and Mr. Janecyk;

2.    Deny certification of a class;

3.    Dismiss all claims by Plaintiffs with prejudice;

4.    Award Amazon its costs of suit;

5.    Award Amazon its attorneys' fees to the extent permitted by law; and

6.    Grant Amazon such other and further relief as this Court deems just and proper.

DATED this 28th day of May, 2021.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Amazon.com, Inc.

By /s/ Jaime Drozd Allen
      Jaime Drozd Allen, WSBA #35742
      David Maas, WSBA #50694
      920 Fifth Avenue, Suite 3300
      Seattle, WA  98104-1610
      Telephone: (206) 757-8039
      Fax: (206) 757-7039
      E-mail:  JaimeAllen@dwt.com
               DavidMaas@dwt.com

MORGAN LEWIS & BOCKIUS
Attorneys for Defendant Amazon.com, Inc.

By /s/ Elizabeth B. Herrington
      Elizabeth B. Herrington (pro hac vice)
      Tyler Zmick (pro hac vice)
      77 West Wacker Drive, Suite 500

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Chicago, IL 60601-5094
Telephone: (312) 324-1188
E-mail: Beth.Herrington@morganlewis.com
         Tyler.Zmick@morganlewis.com

By */s/ Raechel Keay Kummer*
    Raechel Keay Kummer (pro hac vice)
    1111 Pennsylvania Avenue, NW
    Washington, DC 20004-2541
    Telephone: (202) 739-3000
    Email:
    Raechel.Kummer@morganlewis.com

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
(2:20-cv-01084-JLR) - 42