1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| STEVEN VANCE, et al., | CASE NO. C20-1084JLR |
| Plaintiffs, | ORDER ON MOTION TO SEAL |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

15    Before the court is Defendant Amazon.com, Inc.'s ("Amazon") motion to seal.

16 (Mot. (Dkt. # 59).)  Specifically, Amazon moves to seal the declaration of Peggy Daley

17 filed in opposition to Plaintiffs' motion for class certification.  (*Id.*; *see* Daley Decl.

18 (Dkt. # 60) (sealed)).  IBM responded to Amazon's motion.  (Resp. (Dkt. # 73).)

19 Having considered the motion, IBM's response thereto, the balance of the record, and

20 the applicable law, the court GRANTS IN PART Amazon's motion to seal.

21    When deciding a motion to seal, courts "start with a strong presumption in favor

22 of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

1 | (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  This

2 | presumption, however, "is not absolute and can be overridden given sufficiently

3 | compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist.*

4 | *Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  Because the sealed

5 | documents at issue here are attached to a motion that is "more than tangentially related to

6 | the merits of [this] case," the court applies the compelling reasons standard to determine

7 | whether sealing is appropriate.  *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

8 | 1098-102 (9th Cir. 2016).  Under this standard, the party seeking to seal a judicial record

9 | bears the burden of showing that "compelling reasons supported by specific factual

10 | findings . . . outweigh the general history of access and the public policies favoring

11 | disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.

12 | 2006).

13 |      Although Amazon moved to seal all of the substantive portions of Ms. Daley's

14 | declaration based on its understanding that IBM considered the declaration confidential

15 | (*see* Mot. at 3; *see also* Daley Decl.), IBM argues only that the court should maintain

16 | under seal the images of unidentified non-party individuals that are associated with

17 | URLs in its Diversity in Faces Dataset ("DiF") dataset and that are displayed in the

18 | declaration (Resp. at 2-3 (citing Daley Decl. at 9, 12, 13, 15, 21, 23 & 29)).  IBM asserts

19 | that these unidentified non-party individuals have a privacy interest in their likenesses

20 | and that it is not possible to ask these unidentified individuals whether they consent to

21 | have their images filed on the public docket.  (*Id.*)  IBM does not present any argument

22 | regarding the substantive portions of the declaration.  (*See generally id*.)  The court

ORDER - 2

agrees that the privacy interests of the unidentified non-parties is a compelling reason to maintain these images under seal.  Accordingly, the court GRANTS IN PART Amazon's motion to seal Ms. Daley's declaration (Dkt. # 59).  The court ORDERS Amazon to redact from Ms. Daley's declaration only the images on pages 9, 12, 13, 15, 21, 23, and 29 in accordance with this order and file the redacted declaration on the court's docket within seven (7) days of the filing date of this order.

      Dated this 10th day of January, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3