UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN VANCE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC.<br><br>    Defendant. | CASE NO. C20-1084JLR<br><br>ORDER ON MOTION TO SEAL |

Before the court is Plaintiffs Steven Vance and Tim Janecyk's (collectively, "Plaintiffs") motion to seal (1) certain exhibits attached to the Declaration of Scott R. Drury filed in support of their brief in opposition to Defendant Amazon.com, Inc.'s ("Amazon") renewed motion for summary judgment and (2) an unredacted version of their opposition brief that refers to those documents. (Mot. to Seal (Dkt. # 117); *see* MSJ Resp. (Dkt. # 115 (redacted), Dkt. # 119-1 (sealed)); Drury Decl. ISO MSJ Resp. (Dkt. # 116); Drury Decl. ISO Mot. to Seal (Dkt. # 118 (publicly filed), Dkt. # 119 (sealed)).) Plaintiffs filed nine exhibits and the unredacted version of their response brief

ORDER - 1

provisionally under seal because Amazon had designated the underlying documents and deposition testimony "confidential" pursuant to the parties' stipulated protective order. (Mot. to Seal at 1; *see generally* Drury Decl. ISO Mot. to Seal; Stip. Prot. Order (Dkt. # 48).) Amazon does not object to unsealing three of the exhibits and agrees that they may be filed publicly. (Mot. to Seal Resp. (Dkt. # 120) at 2.[1]) Amazon argues, however, that unredacted versions of the remaining six exhibits and Plaintiffs' opposition brief should remain under seal. (*Id.* at 2-3.[2]) It has provided proposed redacted versions of five of these exhibits that it agrees may be publicly filed. (Barga Decl. (Dkt. # 121) ¶¶ 3-7, Exs. A-E.)

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Because the sealed documents at issue here are attached to a motion that is "more than tangentially related to the merits of [this] case," the court applies the "compelling reasons" standard to

---

[1] (*See* Drury Decl. ISO Mot. to Seal. ¶ 4, Ex. B (Drury Decl. ISO MSJ Resp., Ex. 10); *id.* ¶ 7, Ex. E (Drury Decl. ISO MSJ Resp., Ex 26); *id.* ¶ 11, Ex. I (Drury Decl. ISO MSJ Resp., Ex. 34).)

[2] (*See* Drury Decl. ISO Mot. to Seal. ¶ 5, Ex. C (Drury Decl. ISO MSJ Resp., Ex 11); *id.* ¶ 6, Ex. D (Drury Decl. ISO MSJ Resp., Ex. 18); *id.* ¶ 8, Ex. F (Drury Decl. ISO MSJ Resp., Ex. 28); *id.* ¶ 9, Ex. G (Drury Decl. ISO MSJ Resp., Ex. 30); *id.* ¶ 10, Ex. H (Drury Decl. ISO MSJ Resp., Ex. 33); *id.* ¶ 12, Ex. J (Drury Decl. ISO MSJ Resp., Ex. 35); MSJ Resp. (redacted).)

determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016). Under this standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

Proprietary business information that, "if released to the public, has the potential to harm the parties' positions in the industry" has been found to satisfy the compelling reason standard. *BitTitan, Inc. v. Skykick, Inc.*, No. C15-0754RSM, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015). Similarly, technical documents that "describe the components and internal operations" of proprietary technology have also been kept under seal when they contain "business and proprietary interests that would harm" the entity if publicly disclosed. *Genuine Enabling Tech. LLC. v. Nintendo Co., Ltd.*, No. C19-0351RSM, 2020 WL 4366181, at *1-2 (W.D. Wash. July 30, 2020).

Here, Amazon wishes to maintain under seal six exhibits that contain confidential, commercially-sensitive information regarding its Rekognition product and a project that it has not yet publicly disclosed. (Mot. at 2-3; Barga Decl. ¶¶ 3-7, Exs. A-E.) Amazon asserts that public disclosure of these documents would cause it commercial injury because the information could enable competitors to understand Amazon's efforts to develop or improve its Rekognition product; reverse-engineer Rekognition; manipulate

ORDER - 3

1 | Rekognition results; or otherwise gain a competitive advantage over Amazon. (Barga
2 | Decl. ¶¶ 3-8.) Amazon avers that it "carefully guards" the confidentiality of this
3 | information, even within its own company. (*Id.* ¶ 8.) It proposes "narrow" redactions to
4 | five of the documents (*see id.* ¶¶ 3-5, 7 (proposing redactions to Drury Decl. ISO MSJ
5 | Resp., Exs. 11, 18, 28, 30, 33); *id.*, Exs. A-E (proposed redacted exhibits)) and seeks to
6 | maintain fully under seal only one document which, "in its entirety, describes Amazon's
7 | use of datasets to train and test its Rekognition product." (*Id.* ¶ 6; *see* Drury Decl. ISO
8 | Mot. to Seal, Ex. J (Drury Decl. ISO MSJ Resp., Ex. 35).) Amazon also seeks to
9 | maintain under seal the unredacted version of Plaintiffs' opposition brief because that
10 | brief refers to and incorporates this confidential information. (*See* Prop. Order
11 | (Dkt. # 120-1) at 3.)
12 |       The court agrees with Amazon that the release of the information at issue could
13 | potentially harm Amazon's position in its industry, and concludes that Amazon has met
14 | its burden to show "compelling reasons" to maintain its confidential, commercially-
15 | sensitive information under seal. Accordingly, the court GRANTS Plaintiffs' motion to
16 | seal (Dkt. # 117). The court orders as follows:
17 |       1.    The court GRANTS Plaintiffs' motion to seal (a) Exhibits 11, 18,
18 |       28, 30, 33, and 35 to Mr. Drury's declaration in support of Plaintiffs' brief in
19 |       opposition to Amazon's renewed motion for summary judgment (Dkt. # 116) and
20 |       (b) Plaintiffs' brief in opposition to Amazon's renewed motion for summary
21 |       judgment (Dkt. # 119-1);
22 |

 2. Plaintiffs shall file on the docket, by no later than Friday, July 29, 2022, an amended public version of Mr. Drury's declaration in support of Plaintiffs' brief in opposition to Amazon's renewed motion for summary judgment. Plaintiffs shall (a) replace Exhibits 10, 26, and 34 with unredacted versions of those exhibits and (b) replace Exhibits 11, 18, 28, 30, and 33 with the redacted versions of those exhibits attached to Roger S. Barga's declaration (Dkt. # 121);

 3. Plaintiffs shall file on the docket, by no later than Friday, July 29, 2022, an amended redacted version of their brief in opposition to Amazon's renewed motion for summary judgment with redactions that are consistent with the rulings made in this order; and

 4. The Clerk shall maintain under seal the sealed version of Mr. Drury's declaration in support of Plaintiff's motion to seal (Dkt. # 119).

Dated this 22nd day of July, 2022.

JAMES L. ROBART
United States District Judge