THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN VANCE, *et. al.*,<br><br>              Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC,<br><br>             Defendant. | No. 2:20-cv-01084-JLR<br><br>**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 29, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

AMAZON'S REPLY ISO RENEWED MOT. FOR SUMM. J.
(2:20-CV-01084-JLR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    BIPA Does Not Regulate Amazon's Conduct Related to the Dataset, All of Which Occurred Outside Illinois. ........................................................................ 2

        A.    BIPA Does Not Apply Because Amazon's Relevant Conduct Occurred in Washington and Georgia. ........................................................ 2

        B.    Applying BIPA to Amazon's Out-of-State Conduct Would Violate the Dormant Commerce Clause. ................................................................. 7

    II.    Section 15(b) Does Not Apply, Given Amazon's Inability to Give Notice and Obtain Consent, as the Court Held in Zellmer. ............................................... 8

    III.    The Court Should Grant Summary Judgment on Plaintiffs' Section 15(c) Claim. .................................................................................................................. 10

    IV.    The Court Should Grant Summary Judgment on the Unjust Enrichment Claim .................................................................................................................... 12

CONCLUSION ............................................................................................................................. 12

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - i
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Avery v. State Farm Mut. Auto. Ins. Co.*,
  835 N.E.2d 801 (Ill. 2005) ................................................................................................2

*In re Cattell*,
  2021 WL 1100068 (Bankr. D. Or. 2021) ..........................................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .........................................................................................................3

*Chinatown Neighborhood Ass'n v. Harris*,
  794 F.3d 1136 (9th Cir. 2015) ......................................................................................7, 8

*In re Clearview AI, Inc. Consumer Privacy Litig.*,
  2022 WL 444135 (N.D. Ill. 2022) ....................................................................................5

*Cleary v. Philip Morris Inc.*,
  656 F.3d 511 (7th Cir. 2011) .........................................................................................12

*David K. Lindemuth Co. v. Shannon Fin. Corp.*,
  637 F. Supp. 991 (N.D. Cal. 1986) ..................................................................................7

*In re Facebook Biometric Info. Privacy Litig.*,
  326 F.R.D. 535 (N.D. Cal. 2018) .....................................................................................5

*Figueroa v. Kronos Inc.*,
  454 F. Supp. 3d 772 (N.D. Ill. 2020) ...............................................................................9

*Flores v. Motorola Sols., Inc.*,
  2021 WL 232627 (N.D. Ill. 2021) ....................................................................................9

*G.G. v. Valve Corp.*,
  2020 WL 7385710 (W.D. Wash. 2020) ...........................................................................8

*IMAPizza, LLC v. At Pizza Ltd.*,
  334 F. Supp. 3d 95 (D.D.C. 2018) ...................................................................................2

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
  809 F. Supp. 2d 857 (N.D. Ill. 2011) ...............................................................................6

*McGoveran v. Amazon Web Servs., Inc.*,
  2021 WL 4502089 (D. Del. 2021) ...................................................................................6

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - ii
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*McGoveran v. Amazon Web Servs., Inc.*,
  488 F. Supp. 3d 714 (S.D. Ill. 2020) ................................................................................. 6

*Monroy v. Shutterfly, Inc.*,
  2017 WL 4099846 (N.D. Ill. 2017) ............................................................................. 5, 9

*Neals v. PAR Tech. Corp.*,
  419 F. Supp. 3d 1088 (N.D. Ill. 2019) .............................................................................. 9

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) .............................................................................................. 3

*Peralta v. Dillard*,
  744 F.3d 1076 (9th Cir. 2014) (*en banc*) ........................................................................ 8

*Revell v. Lidov*,
  317 F.3d 467 (5th Cir. 2002) .............................................................................................. 6

*Rivera v. Google*,
  238 F. Supp. 3d 1088 (N.D. Ill. 2017) .............................................................................. 5

*Ronquillo v. Doctor's Assocs., LLC*,
  2022 WL 1016600 (N.D. Ill. 2022) .................................................................................. 9

*South Dakota v. Wayfair, Inc.*,
  138 S. Ct. 2080 (2018) .................................................................................................. 7, 8

*Super Pawn Jewelry & Loan, LLC v. Am. Env't Energy, Inc.*,
  2013 WL 1337303 (N.D. Ill. 2013) .................................................................................. 6

*U.S. v. Alexander*,
  106 F.3d 874 (9th Cir. 1997) .............................................................................................. 8

*Vulcan Golf, LLC v. Google, Inc.*,
  552 F. Supp. 2d 752 (N.D. Ill. 2008) ................................................................................ 6

*Walker v. S.W.I.F.T. SCRL*,
  491 F. Supp. 2d 781 (N.D. Ill. 2007) ................................................................................ 6

*Zellmer v. Facebook, Inc.*,
  2022 WL 976981 (N.D. Cal. 2022) ..................................................................... 1, 8, 9, 10

**Statutes**

740 ILCS 14/5(b) ........................................................................................................................ 7

740 ILCS 14/5(c) ...................................................................................................................... 11

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - iii
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

740 ILCS 14/5(b), (c), (g) ...........................................................................................................7

740 ILCS 14/15(b) ...................................................................................................................12

Illinois's Biometric Information Privacy Act ........................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 54(b) ..................................................................................................................8

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - iv
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**INTRODUCTION**

Plaintiffs have attempted to turn an innocuous event—Amazon's download for research purposes of IBM's Diversity in Faces dataset (the "Dataset")—into a class action lawsuit under Illinois's Biometric Information Privacy Act ("BIPA").  But the summary judgment record has exposed this strategy as legally baseless.  Despite having deferred their Opposition by five months to take extensive discovery, including seven depositions of Amazon and IBM personnel, Plaintiffs still cannot identify any evidence sufficient to create a triable issue of fact.  The Court should thus grant Amazon summary judgment for four reasons.

*First*, for BIPA to apply, Plaintiffs must prove that Amazon's challenged conduct occurred "primarily and substantially" in Illinois.  But Plaintiffs point to *no evidence* that supports such a finding.  Indeed, the undisputed evidence shows that *all* of Amazon's challenged conduct occurred outside Illinois, and that Amazon did not even know the Dataset contained information from some Illinois residents.  No case holds that a plaintiff's Illinois residence alone is sufficient to trigger BIPA; the only case on point holds the opposite.  In any event, the dormant Commerce Clause bars Illinois from regulating conduct that occurred entirely outside Illinois.

*Second*, Plaintiffs' construction of BIPA Section 15(b) goes far beyond what the Illinois Legislature intended.  Section 15(b) requires notice and consent only where consent is possible, i.e., where there is a practical way for a company to obtain it.  *Zellmer v. Facebook, Inc*., 2022 WL 976981, at *4 (N.D. Cal. 2022).  Where, as here, the alleged biometric information is anonymized within a large public dataset and not connected to Illinois in any discernable way, it would be absurd (and contrary to the Illinois Legislature's intent) to require consent before acquiring the dataset, thus stopping responsible research in its tracks.

*Third*, even if BIPA could apply in this case (and it cannot), Amazon did not violate Section 15(c). While Plaintiffs alleged that Amazon "profited from the biometric identifiers and information contained in the [] Dataset because those biometric identifiers and information allowed Amazon to improve its facial recognition products and technologies," Compl. ¶ 65, Plaintiffs have found no evidence to support that false claim.  The undisputed evidence actually

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 1
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

shows that (i) one member of the AWS Research Team in Washington downloaded two versions of the Dataset; (ii) three AWS research scientists—two in Washington and one in Georgia—evaluated the Dataset and determined it did not meet their research needs; and (iii) Amazon then deleted both versions of the data.  Amazon never integrated the Dataset into any of its products or services, nor did Amazon profit from commercially disseminating Plaintiffs' biometric data.  That is fatal to Plaintiffs' Section 15(c) claim.

*Fourth,* Plaintiffs point to no evidence sufficient to support an unjust enrichment claim.  In fact, Plaintiffs do not even argue—let alone present evidence—that Amazon did anything with their biometrics that yielded any value or profit to Amazon.  Plaintiffs therefore have no basis to claim that Amazon was enriched by its brief evaluation and rejection of the Dataset, or that Plaintiffs suffered a detriment as a result

## ARGUMENT

**I.   BIPA Does Not Regulate Amazon's Conduct Related to the Dataset, All of Which Occurred Outside Illinois.**

**A.   BIPA Does Not Apply Because Amazon's Relevant Conduct Occurred in Washington and Georgia.**

The parties agree that BIPA does not have an extraterritorial effect.  Order on Amazon MTD [Dkt. 34] 6:12-16.  Rather, BIPA applies only to violations that occur "primarily and substantially" in Illinois.  *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853–54 (Ill. 2005).  To prevail on their BIPA claims, Plaintiffs must therefore prove that Amazon's challenged conduct occurred primarily and substantially in Illinois.  *See IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 120–21 (D.D.C. 2018) (proof of conduct within the territorial reach of statute is "a necessary element" of claims arising from that conduct).  Plaintiffs cannot meet that burden because Plaintiffs' residence in Illinois is the *only* connection Illinois has to this case, and that is far from sufficient to trigger BIPA.

**1.   Amazon Met Its Burden on Summary Judgment and Plaintiffs Provided No Evidence Sufficient to Create a Triable Issue of Fact.**

A movant can meet its burden on summary judgment by showing "an absence of

AMAZON'S REPLY ISO RENEWED MOT. FOR SUMM. J - 2
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "[T]he burden then shifts to [the non-moving party] to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d at 387. The Court must grant summary judgment if the non-moving party "fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Celotex*, 477 U.S. at 323.

Here, Amazon met its initial burden by submitting seven declarations from AWS researchers establishing that none of Amazon's interactions with the Dataset had any connection to Illinois, thus precluding application of BIPA. Merler Decl., ¶ 8; Xiong Decl., ¶¶ 4-7, 11-12, 15-16; Donini Decl., ¶¶ 4-5, 9; Sephus Decl, ¶ 3-5; Xia Decl., ¶ 10-11; Soatto Decl. ¶ 6; Hassner Decl., ¶ 6-7. The burden of providing evidence sufficient to contradict Amazon and create a triable issue of fact as to whether Amazon's conduct occurred "primarily and substantially" in Illinois then shifted to Plaintiffs. *In re Oracle*, 627 F.3d at 387. Plaintiffs utterly failed to meet that burden. Indeed, Plaintiffs have pointed to *no evidence* that Amazon engaged in any relevant conduct that occurred "primarily and substantially" in Illinois.

The material facts concerning Amazon's download and evaluation of the Dataset are straightforward and undisputed:

- IBM researchers located in New York collected photographs from Flickr, subject to the Creative Commons license, and annotated them to create the Dataset. Dkt. 70 at Ex. A ("IBM DiF Paper") at 9; Merler Decl., ¶ 8.
- In February 2019, Yuanjun Xiong, an Amazon research scientist in Washington, downloaded Version 1A of the Dataset from IBM and saved it to an AWS server located in Oregon. Xiong Decl., ¶¶ 1, 4-5; Xiong Dep. 67:2-8, 100:24-111:5.[1]

---

[1] Plaintiffs suggest a second Amazon researcher, Dr. Pietro Perona (an AWS Fellow and leader of the Research Team) also downloaded the Dataset from IBM. Not so. Perona Decl. ¶ 4. Perona never downloaded the Dataset. *Id.* ¶ 5. Plaintiffs cite an email from Perona (Drury Decl., Ex. 25), suggesting Perona was going to download the Dataset, but Xia's testimony confirmed that Perona never actually downloaded it. 2d Wiese Decl., Ex. 8, Xia Dep. 46:19-24. Instead, Perona delegated that task to Xiong, a junior member of the Research Team Perona led. *Id.*; Perona Decl. ¶ 4. Hassner did not know exactly who downloaded the Dataset. Drury Decl., Ex. 21 166:15-20.

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 3
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

- In March 2019, Xiong evaluated Version 1A of the Dataset to determine whether it was suitable for the Research Team's project involving fairness and bias in machine learning models.  Xiong Decl. ¶ 6; Xiong Dep. 132:4-12.  Xiong conducted this evaluation in Washington.  Xiong Decl. ¶ 6; Xiong Dep. 106: 7-13.  In April 2019, Xiong deleted Version 1A and downloaded Version 1B of the Dataset to the same server but did not use it.  Xiong Decl., ¶ 11-12; Xiong Dep. 257:3-14, 263:3-6.  Later, Michele Donini, another researcher in Washington, downloaded Version 1B of the Dataset from the Oregon server to his personal computer.  Donini Decl., ¶¶ 4-5.  A third Amazon researcher, Nashlie Sephus, viewed the Dataset while in Georgia, but never downloaded it.  Sephus Decl, ¶ 3.  The three Amazon scientists evaluated the Dataset and determined that it was not suitable for the purpose of researching fairness and bias in Amazon's Rekognition algorithms.  Xiong Decl., ¶ 7; Xiong Dep., 150:23-151:10; Donini Decl., ¶¶ 4-5; Donini Dep., 83:19-24, 141:7-23; Sephus Decl., ¶ 4; Sephus Dep., 131:6-15, 96:23-97:11.
- All versions of the Dataset were deleted from the Oregon server upon which it was stored.  Xiong Decl., ¶¶ 11, 15; Xiong Dep. 252:1-253:5, 267:23-269:20.

There is also no evidence that Amazon ever profited from commercially disseminating Plaintiffs' biometrics in Illinois or elsewhere.  Xiong Decl., ¶ 14; Xiong Dep. 265:21-266:9; Xia Decl., ¶ 10; Donini Decl., ¶9; Donini Dep., 120:6-14; Sephus Decl., ¶ 5.  As described further in Section III below, the Dataset was not incorporated into Amazon's Rekognition product (or any other product or service) and Amazon did not alter, train, or improve any Amazon product or service based on the Dataset.  Soatto Decl., ¶ 6; Xia Decl. ¶ 11; Xia Dep., 42:3-17; Xiong Decl., ¶ 16; Xiong Dep., 272:18-273:20; Donini Decl. ¶ 9; Sephus Decl., ¶ 5.

Discovery thus confirms that Amazon (i) never reached into Illinois to collect or obtain the Dataset, (ii) never interacted with Plaintiffs in Illinois, (iii) never stored the Dataset in Illinois, and (iv) never used or profited from the Dataset in Illinois.  Because all of Amazon's Dataset-related conduct occurred outside Illinois, BIPA does not apply and the Court should

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 4
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

grant summary judgment to Amazon.

### 2. No Case Applies BIPA on Similar Facts.

Unable to present the any evidence linking Amazon to Illinois, Plaintiffs emphasize their own Illinois residency and the fact that they took and uploaded the photos at issue while in Illinois. Opp. 11:9-12. They contend that a "strong consensus of courts which have decided this issue have found . . . that the extraterritoriality doctrine does not preclude BIPA's application to claims brought by Illinois residents relating to biometric data derived from photographs taken and uploaded to the internet in Illinois." Opp. 13:5-8. But that assertion is grossly misleading. In each case Plaintiffs cite, interactions with the defendant *in Illinois* gave rise to the alleged BIPA violations. In *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 547 (N.D. Cal. 2018), for example, Illinois residents used Facebook's services *in Illinois*, so "the claims are based on the application of Illinois law to use of Facebook mainly in Illinois." *Id.*; *see also Rivera v. Google*, 238 F. Supp. 3d 1088, 1101 (N.D. Ill. 2017) (similar on motion to dismiss); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *6 (N.D. Ill. 2017) (similar on motion to dismiss). Likewise, in *In re Clearview AI, Inc. Consumer Privacy Litig.*, 2022 WL 444135, at *4 (N.D. Ill. 2022), also decided on a motion to dismiss, plaintiffs alleged Clearview sold its database of Illinois residents' biometric information to "hundreds of Illinois entities."

The evidence here, by contrast, proves Amazon had no similar connection with Illinois pertaining to the Dataset. Plaintiffs claim to have taken and uploaded photos to Flickr while in Illinois, but that did not involve Amazon. Years later, IBM years collected those photos from Flickr and created the Dataset in New York, but that also did not involve Amazon. Amazon then requested and downloaded the Dataset *from Washington* in 2019, without knowing anything about the location of the people in the photos. Xiong Decl. ¶ 16; Hassner Decl. ¶ 7; Sephus Decl. ¶ 5. Illinois law did not purport to (and could not) regulate Amazon's transaction with IBM.

No court has found that a plaintiff's Illinois residence alone is sufficient to trigger BIPA.[2]

---

[2] Plaintiffs imply this Court, in denying Amazon's motion to dismiss, accepted their argument that Illinois residency was enough. Opp. 10:24-11:8. In fact, the Court relied not only on allegations of Plaintiffs' residence, but also on specific allegations that led to "the reasonable inference that Amazon utilized the dataset in Illinois during its

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 5
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

To hold otherwise would vitiate Illinois' extraterritoriality doctrine and allow Illinois to export its law whenever an Illinois resident sues.  Yet Plaintiffs try to avoid this commonsense result by making the same specious arguments rejected in *McGoveran v. Amazon Web Servs., Inc.*, 2021 WL 4502089 (D. Del. 2021):  Plaintiffs argue (1) they live in Illinois; (2) the "deception or 'failure to disclose'" therefore occurred in Illinois (where they lived); and (3) they allegedly were injured in Illinois (where they lived).  Opp. 12:11-13:3.  But Illinois residency—even "phrased three different ways"—is not enough.  *McGoveran*, 2021 WL 4502089, at *4; *see also Walker v. S.W.I.F.T. SCRL*, 491 F. Supp. 2d 781, 795 (N.D. Ill. 2007) (plaintiff's Illinois residency is but "one factor to consider" and insufficient to establish "a substantial connection to Illinois," as *Avery* requires); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 861-62 (N.D. Ill. 2011) (defendant's nationwide marketing practices, without evidence of conduct directed to Illinois, did not trigger application of Illinois law, despite plaintiff's business in Illinois); *Vulcan Golf, LLC v. Google, Inc.*, 552 F. Supp. 2d 752, 775 (N.D. Ill. 2008) (plaintiff's Illinois residence not enough to show transaction primarily and substantially in Illinois); *Super Pawn Jewelry & Loan, LLC v. Am. Env't Energy, Inc.*, 2013 WL 1337303, at *7 (N.D. Ill. 2013) (same).[3]

As *McGoveran* explained, Plaintiffs' attempt to rely on where communications *could* have occurred (*if* BIPA applied and required communication) is circular because it "depends on the assumption that Defendants were required to provide notice, publish policies, and obtain consent in Illinois."  2021 WL 4502089, at *4.  But the point of the extraterritoriality analysis is to determine in the first instance *whether* the obligations of Illinois law apply, *id.*, so the analysis

---

business dealings." Order on Amazon's MTD [Dkt. 34] 8:7-11. But Plaintiffs had no basis for those allegations, and they now cite *no facts* to support an inference that Amazon did *anything* substantive with the Dataset.

[3] Illinois courts would not even have personal jurisdiction over Amazon in a suit asserting these claims, as "the litigation does not arise from contacts that [Amazon] created with Illinois or actions purposefully directed at residents of Illinois." *McGoveran v. Amazon Web Servs., Inc*., 488 F. Supp. 3d 714, 723 (S.D. Ill. 2020).  That explains why Plaintiffs sued in Washington, not Illinois, and it is true even under the *Calder* effects test. *See, e.g.*, *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) ("[P]laintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*.").  It would be absurd if Plaintiffs could subject Amazon to Illinois regulation in a Washington court when Illinois doesn't even have enough Illinois contacts to give rise to Illinois jurisdiction.  *See McGoveran*, 2021 WL 4502089, at *5 & n.4 (Illinois court's dismissal for lack of personal jurisdiction "highly persuasive" and relevant to Delaware court's extraterritoriality ruling that BIPA does not apply).

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 6
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

can't turn on the place where consent would occur if it *were* required. Further, "[t]here is no 'place' where [an] omission occur[s]." *David K. Lindemuth Co. v. Shannon Fin. Corp.*, 637 F. Supp. 991, 994 (N.D. Cal. 1986).

In denying Amazon's motion to dismiss, the Court recognized that the relevant inquiry for extraterritoriality is "whether and to what extent *Amazon's alleged acts* involving the Diversity in Faces occurred in Illinois." Dkt. 34 at 10:8-9 (emphasis added). Amazon's few acts involving the Dataset *all occurred outside Illinois*. Under Illinois extraterritoriality principles, BIPA does not apply to Amazon's out-of-state conduct.

### B. Applying BIPA to Amazon's Out-of-State Conduct Would Violate the Dormant Commerce Clause.

Plaintiffs acknowledge that regulations affecting "commerce taking place wholly outside a state's boundaries" violate the Commerce Clause. Opp. 15:16 (citation omitted). Yet Plaintiffs seek to apply BIPA to conduct entirely outside Illinois, which does not "pass[] Commerce Clause muster." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th Cir. 2015).

Plaintiffs suggest the Illinois Legislature was concerned with "out-of-state entities reaching *into* Illinois to engage in novel uses of biometric technology." Opp. 16:6-7 (citing 740 ILCS 14/5(b), (c), (g)). But Amazon neither "reached into" Illinois nor "use[d]" the alleged biometric information included in the Dataset. Moreover, the full excerpt of the legislative history Plaintiffs cite refers to "[m]ajor national corporations [that] selected the City of Chicago and other locations in [Illinois]" to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). The Illinois Legislature was thus concerned with corporations collecting and using biometric data *in Illinois*, not outside Illinois.

Plaintiffs rely on *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2097 (2018), for the proposition that "regulated entities" need not have "a physical presence in the state." Opp. 16:17-20. But the law in *Wayfair* required collection of sales tax by "sellers that deliver more than $100,000 of goods or services *into South Dakota* or engage in 200 or more separate

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 7
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

transactions for the delivery of goods and services *into the State* on an annual basis"; in other words, it applied only to sellers who "availed [themselves] of the substantial privilege of carrying on business in South Dakota." 138 S. Ct. at 2099 (emphasis added).[4]  By contrast, Plaintiffs here seek to apply BIPA to conduct by Amazon occurring entirely outside Illinois.

## II. Section 15(b) Does Not Apply, Given Amazon's Inability to Give Notice and Obtain Consent, as the Court Held in *Zellmer*.

BIPA's notice-and-consent provision, Section 15(b), does not apply here, where Amazon has no relationship with, does not know, and has no practical way to provide notice to or obtain consent from the unidentified individuals whose anonymous biometric information Amazon allegedly downloaded as part of the Dataset.

Plaintiffs first say this argument is an "invitation to violate the 'law of the case' doctrine by changing [the Court's] prior ruling on the same argument in the same case." Opp. 19:17-18. That's incorrect. "Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case.  Given the nature of such motions, it could not be otherwise." *Peralta v. Dillard*, 744 F.3d 1076, 1088-89 (9th Cir. 2014) (*en banc*).  Instead, "law of the case simply does not apply to interlocutory rulings." *In re Cattell*, 2021 WL 1100068, *7 (Bankr. D. Or. 2021).[5]  And Rule 54 provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment." Fed. R. Civ. P. 54(b).  The Court is thus free to consider Amazon's argument Section 15(b) does not apply based on the fully developed factual record, which was not available at the motion to dismiss stage.

As the factual record now confirms, the notice-and-consent that Plaintiffs demand is

---

[4] Plaintiffs also misstate *Chinatown* when they argue that if one party happens to be in the regulating state, the statute does not violate the "direct regulation" test of the Commerce Clause.  *See* Opp. 15:17-20.  *Chinatown* held that state regulation is permissible only when a transaction or relationship exists between parties, at least one of whom is located in the regulating state.  *Chinatown*, 794 F.3d at 1145–46.  Amazon had no transaction or relationship with Plaintiffs, so that test is irrelevant.

[5] The opinions on which Plaintiffs rely, *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997), and *G.G. v. Valve Corp.*, 2020 WL 7385710, at *6-7 (W.D. Wash. 2020), involve cases returning to a district court *after* a decision by the Ninth Circuit—in which case the district court's rulings before the appeal *do* have binding effect.  But there has been no appeal here.

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 8
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

impossible as a practical matter. Plaintiffs make a halfhearted attempt to contest this point, suggesting that Amazon "could have undertaken any of the various methods proposed [for class notice] in Plaintiffs' Motion for Class Certification." Opp. 22:22-25. But those "methods" are not only laughably impractical, they also could not be implemented *before* downloading the Dataset. Plaintiffs also suggest that Amazon should have requested a copy of the Dataset with biometric data "excluded" (although there is no evidence this was possible) to avoid the risk that data about some unidentified Illinois resident might come into its possession. Opp. 22:19-22. But that would require Amazon to forego conducting legitimate research using data that it has the right to possess and use under the laws of other states. The only alternative would be for Amazon to attempt to identify Illinois residents among the Dataset's 969,340 anonymous faces so that their biometric data could be excluded from the download, but that would be an impossible task given the lack of identifying information in the Dataset. Merler Decl. ¶ 7; Merler Dep. 143:8-20.

None of the cases Plaintiffs cite (Opp. 20) suggests an unwitting recipient of anonymized biometric data risks BIPA penalties for failing to obtain pre-download consent from unknown and unidentifiable Illinois residents. In those orders on motions to dismiss, plaintiffs alleged the defendant had practical ways to identify plaintiffs and secure consent, assuming it was required. *See Ronquillo v. Doctor's Assocs., LLC*, 2022 WL 1016600, at *3 (N.D. Ill. 2022) (defendant could identify employees through employer using defendant's biometric technology); *Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 783 (N.D. Ill. 2020) (same); *Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d 1088, 1090 (N.D. Ill. 2019) (same); *Flores v. Motorola Sols., Inc.*, 2021 WL 232627, at *1 (N.D. Ill. 2021) (defendant had plaintiff's "public booking photographs (or 'mugshots')"); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *1 (N.D. Ill. 2017) (Shutterfly user identified plaintiff by name).

Unlike the cases Plaintiffs cite, however, *Zellmer* granted summary judgment because (as here) *evidence* showed consent was impractical when dealing with anonymous data concerning unidentified Illinois residents. 2022 WL 976981. The court in *Zellmer* correctly recognized that the Plaintiff's "notice and consent claim entails an unreasonable reading of Section 15(b) that

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 9
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

would put [defendant] in an impossible position." *Id.* at *4-5.  Plaintiffs respond that any expense of compliance pales compared to "the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded."  Opp. 21 (citation, emphasis omitted).  But Plaintiffs' concern is baseless:  the information in the Dataset comprises tables of ten facial measurements for 969,340 anonymous faces from around the world, which undisputedly were never "intended to identify any particular individual."  Merler Decl. ¶ 7.  Plaintiffs do not explain how this anonymized data, which cannot be used for facial recognition purposes, could pose a risk of "irreversible harm" to anyone.

The Court should reject Plaintiffs' "patently unreasonable" construction and grant summary judgment to Amazon on the Section 15(b) claim.  *Zellmer*, 2022 WL 976981, at *3, *5.

**III.  The Court Should Grant Summary Judgment on Plaintiffs' Section 15(c) Claim.**

The Court previously held that Section 15(c) prohibits the "commercial dissemination of biometric data for some sort of gain, whether pecuniary or not."  Dkt. 38 at 7-8. Plaintiffs have presented no evidence Amazon engaged in such dissemination of Plaintiffs' biometric data.  The Court should therefore grant summary judgment to Amazon on Plaintiffs' Section 15(c) claim.

Lacking any evidentiary support for their claim, Plaintiffs suggest that the Court's prior interpretation of Section 15(c) was wrong and that Section 15(c) should also apply to an entity that "uses" biometric data to "improve its product, resulting in increased profits."[6]  Opp. 23.  But even if Plaintiffs' new interpretation of 15(c) were correct (and it is not), Plaintiffs present no evidence that Amazon used the Dataset to improve its products or increase profits.  Rather, the undisputed evidence shows that Amazon evaluated and then deleted the Dataset, without using it for any commercial purpose.

Plaintiffs offer four weak arguments concerning Amazon's purported use of the Dataset.[7]  First, Amazon allegedly "used [the Dataset] to test the ability of various versions of Rekognition

---

[6] This issue was extensively briefed and argued at the motion to dismiss stage.  Dkt. 18, 24, 25, 25, 26.  Plaintiffs offer no reason the Court should reconsider its analysis.  Opp. 23, n. 7.

[7] Plaintiffs attempt to create questions out of issues concerning Amazon's supposed "use" that have nothing whatsoever to do with their BIPA claims.  For example, Plaintiffs note that Hassner didn't check the "Terms of Use"

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 10
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

. . . to accurately classify gender and possibly other metrics." Opp. 7-8.  Not true.  The undisputed evidence shows that one of the ways in which Amazon researchers evaluated the Dataset was by running its images through Rekognition *to evaluate the error rates of the gender classifications contained in the Dataset*.  Xiong Dep. 213:2-16; *see also* Drury Decl., Ex. 28.  In other words, Amazon was not using the Dataset to "test" various versions of Rekognition.  Sephus Dep. 142:3-9.  Amazon was using Rekognition *to test whether the Dataset itself* was robust enough to use for research purposes.  *Id.*  Amazon ultimately concluded that it was not.  Xiong Decl., ¶ 7; Donini Decl., ¶ 5; Sephus Decl., ¶ 4.

Second, Plaintiffs claim that Amazon used the Dataset to "prepare[] a report regarding the aforementioned testing." Opp. at 8.  But again, that report, which was never finished, *see* 2d Wiese Decl., Ex. 7, Xiong Dep. 229:4-15, merely addressed *the suitability of the Dataset itself* for research purposes; it did not address any testing of, or potential improvements to, any Amazon product.  2d Wiese Decl., Ex. 7, Xiong Dep., 229:4-15.

Third, Plaintiffs state that Amazon used the Dataset by "conducting a statistical analysis of the Dataset." Opp. 8.  But as Xiong testified, this simply means that Amazon "counted how many images [were] labeled as female and how many images labeled as male." Xiong Dep. 68:14-23.  That act of determining whether the Dataset was balanced by gender certainly does not suggest Amazon used the Dataset to improve any product or service.  Xiong Dep. 69:7-25.

Fourth, Plaintiffs claim that Amazon used the Dataset to create "a subset of the DiF Dataset in which it labelled the hair lengths of the people depicted in the images to allow for further testing and better accuracy." Opp. 8.  But Plaintiffs present no evidence that hair length annotations were used to improve any Amazon product or that Amazon profited in any way from such annotations.  Moreover, a person's hair length is not a biometric identifier or information.  740 ILCS 14/5(c).  Amazon employees simply looked at pictures and estimated the hair length of

---

box on the IBM questionnaire when requesting the Dataset.  Opp. at 6.  But this is irrelevant.  Amazon's brief analysis of the Dataset for research purposes does not create an issue of fact as to any of Plaintiffs' claims.

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 11
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

people in the pictures. Xiong Dep. 328:21-330:6 (explaining human annotated data). Collecting such annotations from photographs does not even implicate BIPA, let alone violate it.

In sum, even if Section 15(c) were construed to prohibit the "use" of biometric data to improve a product, Plaintiffs have presented the Court with no evidence that Amazon did so.[8]

## IV. The Court Should Grant Summary Judgment on the Unjust Enrichment Claim.

Plaintiffs argue a factual dispute exists as to whether "numerous members of the Rekognition Team accessed and used the dataset over an extended period," claiming this precludes summary judgment on their unjust enrichment claims. Opp. 24:4-5. Specifically, Plaintiffs claim that not only did Defendant "run tests using the Dataset's annotations, Defendant created its own annotations." *Id.* at 24:6-7. As described in Section III above, the Dataset was not used to improve any Amazon product or service, and the annotations to which Plaintiffs refer are "hair length" annotations (not biometric data) that may have been created manually for some pictures contained in the Dataset (although Plaintiffs present no evidence their pictures were used for that purpose).

Illinois law requires Plaintiffs prove that Amazon "unjustly retained a benefit to the plaintiff's detriment." *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011). But Plaintiffs offer no evidence sufficient to satisfy either element. Amazon did not retain a benefit because it merely downloaded, evaluated, and then deleted the Dataset, without using it to improve any product or service, including Rekognition. Soatto Decl. ¶ 6; Xia Decl. ¶ 11; Xia Dep. 42:3-17; Xiong Decl. ¶ 16; Xiong Dep. 272:18-273:20; Donini Decl. ¶ 9; Sephus Decl. ¶ 5. Nor did Amazon's conduct result in any detriment to Plaintiffs, who have presented no evidence that their biometric information was disseminated to anyone or that they were otherwise harmed. *Cleary*, 656 F.3d at 516. Plaintiffs' unjust enrichment thus lacks any factual or legal basis.

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant summary judgment in favor of Amazon on Plaintiffs' claims.

---

[8] Any of Amazon's alleged "use" of the Dataset is also entirely irrelevant to any Section 15(b) analysis, which pertains solely to collecting or obtaining biometric data without prior informed consent. 740 ILCS 14/15(b).

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 12
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 | DATED this 29th day of July, 2022.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Amazon.com, Inc.

By s/ *Jaime Drozd Allen*
   Jaime Drozd Allen, WSBA #35742
   Kenneth E. Payson, WSBA #26369
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
   Telephone: (206) 757-8039
   Fax: (206) 757-7039
   E-mail: JaimeAllen@dwt.com
               KenPayson@dwt.com

MORGAN LEWIS & BOCKIUS
Attorneys for Defendant Amazon.com, Inc.

By s/ *Elizabeth B. Herrington*
   Elizabeth B. Herrington (*pro hac vice*)
   Phillip J. Wiese (*pro hac vice*)
   110 North Wacker Drive, Suite 2800
   Chicago, IL  60606-1511
   Telephone: (312) 324-1000
   E-mail: beth.herrington@morganlewis.com
               phillip.wiese@morganlewis.com

AMAZON'S REPLY ISO RENEWED MOT.
FOR SUMM. J - 13
(2:20-CV-01084-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax